NICOLÁS CRUZ, Plaintiff and Appellee, *v.* JOSÉ DONATO, ETC., Defendant and Appellant.

No. 5829. Argued December 7, 1931.—Decided December 18, 1931.

*Gonzálcz Fagundo & González Jr.* for appellant. *Rafael S. Vidal* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The dismissal of this appeal is sought on the ground that no appeal was ever taken from the judgment rendered in the action but from an intermediate order made which was not appealable.

It appears from the record that the judgment was rendered and entered on May 7, 1931, and the defeated party was served with a copy thereof on the same day.

The notice of appeal, literally copied, reads as follows:

"DISTRICT COURT OF HUMACAO, P. R.—Nicolás Cruz, Plaintiff. *v.* José Donato, Defendant.—Civil No. 15674. Unlawful detainer.— Motion. To the Clerk of the Court, and to Rafael S. Vidal, Esq.. attorney for the plaintiff.

"Please take notice that the defendant, feeling aggrieved by the order made on his motion praying that the evidence for the defendant be heard, which motion was heard on the 13th of the instant month and year, hereby appeals therefrom to the Hon. Supreme Court.

"Yabucoa, P. R., April 17, 1931.—(Signed) Antonio Rodríguez, attorney for the defendant."

"SERVED with a copy of this notice of appeal and of the bond this 12th day of May, 1931.—_____ Attorney for the plaintiff.

"The foregoing document has been filed this 12th day of May, 1931.—(Signed) A. Ramírez, Jr., Clerk, District Court of Humacao, P. R."

The appeal having been filed, the court fixed the proper bond and the appeal was proceeded with.

The appellant admits that the notice of appeal was not properly drafted and that the order of April 13 is not appealable, but he claims that as the notice was filed after the entry of the judgment and within the statutory period and the court having acted thereon as if it actually recited that an appeal was taken from the judgment, which was in fact

the purpose sought by the appellant, the defect is not of such a character as to produce necessarily a dismissal of the appeal. Citation is made of the case of *Roig Com. Bank* v. *Succn. of Lugo,* 34 P.R.R. 148, 149, where this Court expressed itself as follows:

"It is a fact that the notice of appeal filed does not conform to the practice followed in Porto Rico and recommended by all of the form-books that we have examined, in harmony with the English text of section 296 of the Code of Civil Procedure (Comp. 1911, sec. 5340). Instead of filing a notice addressed to the clerk of the court and to the attorney for the adverse party the attorney for the appellants filed a pleading headed 'Motion for Appeal.' It is important that the pleading should be in the form of a notice so as to draw directly the attention of the official and of the other party to the matter. However, as from the 'motion' referred to it appears without doubt that an appeal was intended, the irregular form of the pleading is not a sufficient ground for d'smissal of the appeal."

As may be seen from the above quotation, the case of Roig Commercial Bank was quite different. There, it was merely a question of the designation given to the notice. If this were the only error now involved, it is clear that a dismissal would not be ordered.

But here there is something more. It is not only a question of the date shown on the notice, which would be really unimportant and would yield to that of the service thereof: it is the unequivocal language in which the notice is drafted that prevents us from exercising our discretion. It expressly states that "feeling aggrieved by *the order made on his motion praying that the evidence for the defendant be heard,* which motion was heard on the 13th of the instant month and year, (he) *hereby appeals therefrom* to the Hon. Supreme Court."

Therefore, as no appeal has been taken from the judgment and as the order of April 13, 1931, is not appealable, the appellee's motion must be sustained and, consequently, the appeal must be dismissed.